UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO:

RANICKY MARSHALL

    Plaintiff,

v.

ETAIROS HEALTH, INC., d/b/a UTOPIA
HOME CARE

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, RANICKY MARSHALL ("Plaintiff"), pursuant to *29 U.S.C. § 216(b)*, files the following Complaint against Defendant, ETAIROS HEALTH, INC., d/b/a UTOPIA HOME CARE ("UTOPIA" or "Defendant"), and alleges as follows:

### INTRODUCTION

1. Defendant has unlawfully deprived Plaintiff of federal overtime compensation during the course of his employment. This is an action arising under the Fair Labor Standards Act ("FLSA") pursuant to *29 U.S.C. §§ 201-216*, to recover all overtime wages owed to Plaintiff during the course of his employment with Defendant.

### PARTIES

2. During all times material hereto, Plaintiff was a resident of the Middle District of Florida, over the age of 18 years, and otherwise *sui juris*.

3. During all times material hereto, Defendant was a Foreign corporation transacting business within Tampa, Florida, within the jurisdiction of this Honorable Court. Defendant's principal address in Florida is 13787 Belcher Rd. S. Suite 220, Largo, FL 33771.

4. During all times material hereto, Defendant was vested with authority to hire, fire and reprimand Plaintiff, and to oversee and implement the pay practices that applied to Plaintiff.

5. Defendant was Plaintiff's employer, as defined by *29 U.S.C. § 203(d),* during all times pertinent to the allegations herein.

## JURISDICTION AND VENUE

6. The acts or omissions giving rise to this lawsuit took place within the jurisdiction of this Honorable Court.

7. Defendant is headquartered and regularly transacts business in Hillsborough County, Florida, and jurisdiction is therefore proper within the Middle District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. §§ 1331* and *1337*.

8. Venue is proper within the Middle District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. § 1391(b)*.

## GENERAL ALLEGATIONS

9. Defendant is a home healthcare agency that employs between 1,001-5,000 individuals in six (6) states. *See https://www.linkedin.com/company/utopia-home-care-inc-/about/* (last visited December 30, 2020).

10. Defendant offers its services 24 hours a day, 7 days a week, including holidays. *https://www.utopiahomecare.com/About/* (last visited December 30, 2020).

11. Defendant employed Plaintiff to provide domestic services in its customers' households as a home health care aide from June 14, 2019 through in or around December 2020.

12. Defendant paid Plaintiff $10-$10.50 per hour for his work as a home health care aide. Plaintiff's duties and responsibilities consisted of providing the following services:

bathing, showering, providing skin care, brushing hair and teethe, dressing, assisting with walking, lifting from the bed, reminding to take medications, assisting with eating and food preparation, cleaning, general household work, and other similar activities.

13. Plaintiff lacked the authority to hire, fire, or reprimand any employees during his employment with Defendant.

14. Plaintiff did not supervise any employees during his employment with Defendant.

15. During all times material hereto, Plaintiff was a non-exempt employee.

16. In or around October 2020, Plaintiff engaged in protected activity under the FLSA when he requested Defendant to pay him due and owing overtime wages.

17. Prior to Plaintiff engaging in protected activity under the FLSA, he had not significant history of disciplinary actions, and consistently performed his job satisfactorily.

18. Defendant refused to rectify the overtime violations that Plaintiff identified. Instead, Defendant began to falsely accuse Plaintiff of improper behavior.

19. Around a month after Plaintiff complained about overtime violations under the FLSA, Defendant stopped scheduling Plaintiff and terminated his employment.

## FLSA COVERAGE

20. Defendant is covered under the FLSA by virtue of the fact that it employs individuals (such as Plaintiff) as domestic service employees and sends these employees to residential homes in to engage in manual labor and work that does not qualify them for any exemption under the FLSA.

21. During the relevant time period, Defendant employed Plaintiff as a domestic service worker[1] who provided home healthcare services to at least one homeowner in Hillsborough County.

22. Defendant is also covered under the FLSA through enterprise coverage, Defendant was engaged in interstate commerce during all pertinent times in which Plaintiff was employed. More specifically, Defendant was engaged in interstate commerce by virtue of the fact that its business activities involved those to which the FLSA applies. Defendant's business and Plaintiff's work for Defendant affected interstate commerce because the materials and goods that Plaintiff used on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same.

23. During his employment with Defendant, Plaintiff handled and worked with various goods and/or materials that moved through interstate commerce, including, but not limited to: telephones, pens, notepads, cellular telephones, blankets, brooms, mops, disinfectants, soap, brushes, shampoo, conditioner, paper towels, cleaning supplies, etc.

24. Defendant also regularly employed two (2) or more employees for the relevant time period, who handled the same or similar goods as those goods and materials handled by Plaintiff,

---

[1] Congress extended FLSA coverage to "domestic service" workers in 1974. *See 29 U.S.C. § 206(f); see, also, 29 U.S.C. § 207(i).* This amendment extended FLSA coverage to employees performing household services in a private home, including those domestic workers employed directly by households or by companies too small to be covered as enterprises under the FLSA. *See, e.g.,* Switala v. Rosenstiel, *2017 WL 7792713 at \*4 (S.D. Fla. 2017) ("It is well-established that the FLSA applies to domestic service employees") citing* Buckner v. Florida Habilitation Network, Inc., *489 F.3d 1151, 1154 (11th Cir. 2007).* A Department of Labor regulation defines "domestic service employment" as "services of a household nature performed by an employee in or about a private home," including "companions, babysitters, cooks, waiters, butlers, valets, maids, housekeepers, nannies, nurses, janitors… **home health aides**, personal care aides" etc. [emphasis added]. *Id. citing 29 C.F.R. § 552.3.*

4

or used the instrumentalities of interstate commerce, or the mails, thus making Defendant's business an enterprise covered by the FLSA.

25. Defendant grossed or did business in excess of $500,000.00 per year in the years 2017, 2018, 2019 and 2020.

## FLSA VIOLATIONS

26. Defendant assigned Plaintiff to work five (5) to six (6) days per week for a period of approximately seventy-six (76) weeks.

27. Plaintiff worked an average of approximately 50-70 hours per week.

28. Defendant paid Plaintiff $10.00 per hour for his work during the week, and $10.50 for his work on the weekend. Defendant agreed to pay Plaintiff $15.75 for all of her work above 40 hours per work week.

29. Defendant failed to compensate Plaintiff at the rate of time-and-a-half his regular hourly rate for work he performed in excess of forty (40) hours per week during one or more workweeks during his employment period.

30. Defendant's actions were intentional and/or willful and Plaintiff is therefore entitled to an additional amount of liquidated (double) damages for overtime wages owed.

31. Defendant was either recklessly indifferent as to the overtime requirements under federal law, or, in the alternative, *intentionally violated federal law* so that the Defendant could avoid having to pay Plaintiff his lawful (and hard-earned) wages.  Plaintiff is therefore entitled to liquidated damages under the FLSA.

32. As a result of the above violations of federal law, Plaintiff has had retain the undersigned counsel to prosecute these claims and is therefore entitled to an award of reasonable attorney's fees and costs under the FLSA.

## COUNT I – FEDERAL OVERTIME LAW VIOLATIONS – *29 U.S.C. § 207*

33. Plaintiff re-avers and re-alleges Paragraphs 1 through 32 above, as though fully set forth herein.

34. During one or more workweeks during the relevant time period, Plaintiff performed work for Defendant that exceeded forty (40) hours in a workweek and Plaintiff did not receive the proper overtime premium for those hours.

35. Plaintiff worked approximately 50-70 hours per week during his employment period with Defendant.

36. Defendant's failure to comply with the federal overtime provisions of the FLSA was intentional and/or willful.

37. To date, Defendant has not properly paid Plaintiff all of his overtime as required by the FLSA.

38. As a result of Defendant's refusal to remedy its violations of the FLSA, Plaintiff is entitled to recover unliquidated damages, liquidated damages, court costs and reasonable attorney's fees.

WHEREFORE, Plaintiff, RANICKY MARSHALL, demands judgment against Defendant, ETAIROS HEALTH, INC., d/b/a UTOPIA HOME CARE, and respectfully requests that he be awarded the following relief: (a) unliquidated damages; (b) liquidated damages; (c) reasonable attorneys' fees and costs; and any and all such further relief as may be deemed just and reasonable under the circumstances.

## COUNT II – FLSA RETALIATION

39. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 38 as though set forth fully herein.

40. In or around October 2020, Plaintiff engaged in protected activity under the FLSA by demanding that Defendant fully compensate him overtime wages he was owed under federal law.

41. Defendant had express knowledge of Plaintiff's protected activity, as Plaintiff verbally invoked his rights under the FLSA to Plaintiff's supervisor and/or human resources.

42. Immediately after Plaintiff engaged in protected activity under the FLSA, Defendant began a pattern of retribution against Plaintiff. Defendant falsely accused Plaintiff \ of wrongdoing and disciplined Plaintiff for no reason other than to create a record to terminate Plaintiff because of his FLSA complaints. Around a month after Plaintiff invoked his rights under the FLSA, Defendant terminated Plaintiff in direct response to Plaintiff claiming entitlement to wages owed under federal law.

43. The temporal proximity of Plaintiff's termination to Plaintiff's invocation of his FLSA rights creates a presumption that Plaintiff's protected activity was the direct cause of his termination.

44. Any other justification given for Plaintiff's termination is pre-textual.

45. Defendant's termination of Plaintiff constitutes unlawful retaliation that is prohibited under the FLSA.

46. Since his termination, Plaintiff has mitigated his damages by attempting to find alternative work, but as of the date of this filing, has been unsuccessful.

47. As a result of the unlawful termination, Plaintiff has suffered damages including lost back wages, lost front wages, emotional distress, pain and suffering, loss of reputation, and other damages that will be proven at trial.

48. As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, RANICKY MARSHALL, demands judgment against Defendant, ETAIROS HEALTH, INC., d/b/a UTOPIA HOME CARE, and respectfully requests that he be awarded the following relief: (a) back wages; (b) front wages; (c) unliquidated damages; (d) liquidated damages; (e) damages arising from emotional distress, pain and suffering, and loss of reputation; (f) immediate reinstatement or wages in lieu of reinstatement in the event that reinstatement is not feasible; (f) reasonable attorneys' fees and costs; and any and all such further relief as may be deemed just and reasonable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, RANICKY MARSHALL, hereby requests and demands a trial by jury on all appropriate claims.

**Dated this 4th day of January 2021.**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS-
JORDAN RICHARDS, PLLC**
805 E. Broward Blvd. Suite 301
Fort Lauderdale, Florida 33301
Ph: (954) 871-0050
*Counsel for Plaintiff*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
Jordan@jordanrichardspllc.com
Melissa@jordanrichardspllc.com
Jake@jordanrichardspllc.com

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on this 4th day of January 2021.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

## **SERVICE LIST:**