**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CASE NO: 8:21-cv-55-CEH-AEP**

Ranicky Marshall

    Plaintiff,

v.

Etairos Health, Inc., d/b/a Utopia Home Care

    Defendant.
_____/

## PLAINTIFF'S MOTION FOR FINAL DEFAULT JUDGMENT

Plaintiff, RANICKY MARSHALL ("Mr. Marshall" or "Plaintiff") pursuant to *Fed. R. Civ. P. 55(b)(2)*, *M.D. Fla. L.R 1.10(c)* and *D.E. 18*, hereby moves this Court to enter a Final Default Judgment against Defendant, ETAIROS HEALTH, INC., ("Etairos") (referred to as "Defendant"), as follows:

1. On January 4, 2021, Plaintiff filed his Complaint against Defendant Etairos. *D.E. 1*.

2. Plaintiff's Complaint alleges two (2) counts against Defendant arising under the Fair Labor Standards Act ("FLSA"): (i) Federal Overtime Violations; and (ii) FLSA Retaliation. *Id.*

3. Defendant was served with the Complaint and summons on January 6, 2021. *D.E. 10*. Accordingly, the deadline for Defendant to respond to the Plaintiff's Complaint expired on January 27, 2021. *Id.*

4. On January 26, 2021, Defendant's Corporate Human Resources Manager (a non-lawyer) – Julie A. Neisinger ("Ms. Neisinger") – contacted the undersigned law firm regarding Plaintiff's Complaint. *See Declaration of Jake Blumstein, Esq. attached hereto as Exhibit*

    A. Ms. Neisinger advised the undersigned law firm that the Defendant had retained legal counsel to handle the claims alleged in the Complaint. *Id.*

5. Counsel for Defendant **never** contacted the undersigned firm. *Id.*

6. A clerk's default was entered against Defendant on January 28, 2021 because the Defendant failed to timely respond to the Complaint. *D.E. 18*.

7. Defendant is a home healthcare agency located in Tampa that provides domestic services to its customers' households. *See D.E. 1*.

8. Defendant employs between 1,001 and 5,000 individuals in six (6) states across the country. *D.E. 1*.

9. Plaintiff worked for Defendant from on or about September 30, 2019 through on or about November 20, 2020. *D.E. 1; see also Declaration of Plaintiff attached hereto as Exhibit B*. During this time period, Defendant was an entity that engaged in commerce. *Id.* Plaintiff worked as a home healthcare aide and performed a variety of domestic service tasks for Defendant and its customers/patients. *Id.* Defendant paid Plaintiff $10 per hour during his employment period. *Id.* Furthermore, Plaintiff's overtime rate was $15.75 per hour. *Id.* Plaintiff worked an average of 60 hours per week. *Id.* Plaintiff worked approximately 20 hours of overtime per week and Defendant failed to compensate Plaintiff for approximately half of the overtime hours that he worked. *Id.* Plaintiff is owed overtime wages at the rate of time-and-a-half his regularly hourly rate for approximately 10 hours per week. *Id.* Accordingly, Defendant owes Plaintiff time-and-a-half his regular hourly rate for ten (10) overtime hours per week from September 30, 2019 through November 20, 2020 – a period of approximately 59 weeks. *Id.*

10. Plaintiff is covered under the FLSA as a domestic service employee. *See, e.g.,* Switala v. Rosenstiel, 2017 WL 7792713 at *4 (S.D. Fla. 2017) ("It is well-established that the FLSA applies to domestic service employees"); *see also D.E. 1 at n. 1.*

11. Plaintiff verbally complained to Defendant in October 2020 that Defendant failed to compensate him for overtime wages required under federal law. *Exhibit B.* By complaining about Defendant's failure to pay overtime wages owed in October 2020, Plaintiff engaged in protected activity under the FLSA. *Id.* Plaintiff advised Defendant that it was illegal for Defendant to withhold his accrued overtime and Plaintiff complained again about Defendant's failure to pay him overtime on or about November 15, 2020. *Id.* The very next week, Defendant stopped scheduling Plaintiff and completely locked him out of the company's timekeeping system, thus terminating Plaintiff's employment. *Id.* Defendant fired Plaintiff in retaliation for engaging in protected activity less than one (1) week after he requested to be paid all unpaid overtime wages. *Id.*

12. Defendant was vested with the authority to hire, fire and reprimand Plaintiff, and to oversee and implement the pay practices that applied to Plaintiff during the relevant time period. *D.E. 1; Exhibit "B."*

13. A defendant's failure to defend "acts as a confession of all facts alleged in the complaint. . . ." *See* Pierre v. Little New Orleans 1 Kitchen and Oyster Bar, LLC, 2017 WL 10902999 at *1 (M.D. Fla. Jan. 5, 2017) (Byron, J); *see also* Omelia v. Towing America, LLC, 2017 WL 2634959 at *1 (M.D. Fla. June 19, 2017) (Bucklew, J).

14. "Following the entry of a default judgment, damages may be awarded without a hearing if the amount claimed is a liquidated sum or one capable of mathematical calculation, so long as all essential evidence is a matter of record." *See* Hemingway v. GA Construction Group,

LLC, 2017 WL 4083188 at *1 (S.D. Fla. Aug. 4, 2017) (Scola, J.); *see also* Omelia, 2017 WL 2634959 at * 1-2 (awarding liquidated damages to an FLSA Plaintiff when the Plaintiff submitted an affidavit in support of his motion for final default judgment).

15. Plaintiff's declaration evidences the amount of overtime wages he is owed. *Exhibit "B."* Plaintiff's declaration is the best evidence of his hours worked, as his former employer, Defendant, Etairos, has failed to participate in this case. *D.E. 18.* The Supreme Court has ruled that approximations of hours worked by an employee are acceptable when time records are not available or are inaccurate. *See* Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680 (1946); *see also* Bautista Hernandez v. Tadala's Nursery, Inc., 34 F. Supp. 3d 1229, 1242 (S.D. Fla. 2014) (holding that an employee may use an approximation to ascertain damages in an FLSA case when the employer fails to produce evidence of the hours the employee worked) (Seltzer, J.).

16. Based off of a simple calculation, Plaintiff is owed overtime wage damages in the amount of $9,292.50, and an additional $9,292.50 in liquidated damages, for a total amount of $18,585.00 in overtime damages.[1] *Exhibit "B."*

17. An employer who seeks to avoid the imposition of liquidated damages as a result of violating the provisions of the FLSA bears the burden of proving that its violation was both in good faith and predicated upon reasonable grounds. *See* Joiner v. City of Macon, 814 F.2d 1537, 1539 (11th Cir. 1987); *see also* Miller, at 1346 (Judge Bucklew explaining that employees are entitled to liquidated damages upon default in FLSA cases because the employer admits to willful violations by virtue of defaulting). In this case, Defendant failed

---

[1] Plaintiff worked for Defendant for approximately 59 weeks. *Exhibit "A."* Plaintiff's overtime rate was $15.75 per overtime hour. Because Plaintiff worked an average of 10 overtime hours per week without receiving proper overtime compensation, he calculates his damages as follows: $15.75 x 59 weeks x 10 overtime hours per week = $9,292.50.

to carry its burden to oppose Plaintiff's entitlement to liquidated damages. *D.E. 18*. Thus, Plaintiff is entitled to an equal sum of liquidated damages. *See Exhibit B*.

18. In addition, Plaintiff is owed backpay and front pay with respect to his FLSA Retaliation claim under *29 U.S.C. § 215 (a)(3)*. *See* Miller v. Paradise of Port Richey, Inc., 75 F. Supp. 2d 1342, 1345 (M.D. Fla. 1999) (Bucklew, J); *see also* Blackman v. Purifoy Construction, 2020 WL 738366 at *5 (N.D. Fla. Jan. 14, 2020) (explaining that backpay is the difference between the actual wages earned and the wages the individual would have earned in the position that, but for the discrimination, the individual would have attained) (citation omitted). "Unrealistic exactitude is not required as the back pay calculation may be based on just and reasonable inference of the missing or imprecise figure." *Id.*

19. To establish a retaliation claim under the FLSA, a Plaintiff must show that he: 1) engaged in protected activity under the FLSA; 2) he suffered an adverse action by his employer; and 3) a causal connection exists between the Plaintiff's activity and the adverse action. *See* Wolf. V. Coca-Cola Co., 200 F.3d 1337, 1342-43 (11th Cir. 2000).

20. The FLSA's anti-retaliation provision covers oral, as well as written, complaints. *See* Kasten v. Saint-Gobain Performance Plastics, Corp., 563 U.S. 1, 2 (2011).

21. Defendant terminated Plaintiff less than one (1) week after he demanded overtime wages and verbally complained that Defendant violated the FLSA. *See Exhibit B*. Defendant would not have fired Plaintiff if he did not complain about FLSA wage and hour violations at work. *Id.* There was no legitimate reason to fire Plaintiff. *Id.* This constitutes unlawful retaliation under the FLSA. *See* Persiyantseva v. Saint Petersburg Market, LLC, 2018 WL 3730400 at *5 (S.D. Fla. May 3, 2018) (holding that Plaintiff stated a claim for FLSA retaliation when Defendant reduced Plaintiff's hours shortly after she sent a demand letter);

*see also* Stevenson v. Second Change Jai Alai, LLC, 2013 WL 1344500 at *3 (M.D. Fla. April 2, 2013) (explaining that close temporal proximity suffices to establish causation); *see also* Farley v. Nationwide Mut. Ins. Co., 197 F.3d 1322, 1337 (11th Cir. 1999) (holding that a seven-week period of time between protected activity and adverse employment action was sufficiently proximate to create a causal nexus).

22. In retaliation claims under the FLSA, an award of liquidated damages is mandatory unless the court explicitly finds that the employer acted in good faith. *See* Miller, at 1346; *but see* Stevenson, 2013 WL 1344500 at *2 (holding that granting liquidated damages is discretionary in FLSA retaliation cases, and that it may be awarded as a deterrent).

23. Approximately 15 weeks have lapsed since Plaintiff's unlawful termination on November 20, 2020 and the date of the filing of this motion. Because Plaintiff worked an average of 60 hours per week, he is owed $10,725.00 in backpay, and an additional $10,725.00 in liquidated damages, for a total of $21,450.00.[2]

24. Defendant's FLSA retaliation was particularly egregious because it occurred during the global COVID-19 pandemic. *Exhibit A*. Therefore, this Honorable Court should award Plaintiff liquidated damages with respect to FLSA retaliation claim to deter any future misconduct by Defendant.

25. In his attempt to mitigate his damages, Plaintiff has obtained a temporary work position. *Exhibit B.* However, Plaintiff is currently earning less than he earned when he worked for Defendant. *Id.* Plaintiff's new job is temporary, and Plaintiff has not re-established himself in the workplace. *Id.*; *see also* Donlin v. Philips Lighting North America Corp., 581 F.3d

---

[2] Plaintiff's backpay is calculated as follows: (15 weeks) x ($10 per hour) x (43regular hours per week) = $6000 + ($15.75 per overtime hour) x (20 overtime hours worked per week) x (15 weeks) = $10,725.00.

73, 85 (3d Cir. 2009) (explaining that "the fact that [Plaintiff] found a job is insufficient by itself to demonstrate that she reestablished herself in the workplace such that she should be ineligible for back pay damages; the law requires that she find new employment that is better or substantially equivalent.") (quotations and internal citations omitted). Plaintiff is not able to earn overtime at his new job. *Exhibit B.*

26. Because Plaintiff is currently earning approximately $352.00 per week at his temporary job, and has been working since on or about January 25, 2021, this Honorable Court should reduce Plaintiff's accrued backpay by $1,760.00, which constitutes Plaintiff's mitigation to date.[3] *See* Stevenson, 2013 WL 1344500 at *5 (M.D. Fla. April 2, 2013) (the Court accepting Plaintiff's representation that he made $300 less per week in his new job when Defendant did not contest the number).

27. Plaintiff seeks front pay in addition to backpay. *See D.E. 1*.

28. Courts "have to exercise some creativity in awarding relief in retaliation cases." *See* Stevenson, 2013 WL 1344500 at *1 (quoting Snapp v. Unlimited Concepts, Inc., 208 F.3d 928, 937 (11th Cir. 2000).

29. District Judges may award front pay to effectuate the purposes of Section 215(a)(3) of the FLSA. Persiyantseva, 2018 WL 3730400 at *6.

30. Furthermore, front pay may be awarded to "smooth the Plaintiff's transition into his new employment and effectuate the purposes of the FLSA by making him whole." Stevenson, 2013 WL 1344500 at *5.

---

[3] Plaintiff has worked at his temporary job – through a temporary agency – since on or about January 25, 2021 (approximately 5 weeks). Plaintiff earns $11.00 per hour and works 32 hours or less per week. Therefore, he calculates the offset as follows: $11.00 per hour x 32 hours per week x 5 weeks - $1,760.00.

31. When determining whether to award front pay or reinstatement, courts consider the discord between the parties which may render reinstatement ineffective remedy to make the Plaintiff whole. *See* Stevenson, 2013 WL 1344500 at *2. FLSA Plaintiffs are free to seek an award of front pay in lieu of reinstatement if reinstatement is infeasible. *Id.* (citations omitted). Federal Courts may award both liquidated damages and front pay in the same case. *Id.* Although the Court has broad discretion in awarding front pay, it should guard against being overly generous in computing damages. *Id.*

32. To calculate front pay, Courts in this district have analyzed the following factors: "(1) the length of time that the employee would have worked for the former employer but for the retaliation; and (2) the difference between what the employee would have earned from the former employer and what the employee earns or can expect to earn from his new employer." *Id.* (citations omitted). Mitigation is also a factor that the Court may analyze when awarding front pay. *Id.*

33. Reinstatement is not feasible in this case because of the discord between Plaintiff and Defendant. *Exhibit B*. More specifically, when Defendant terminated Plaintiff after he invoked his right to overtime, Plaintiff suffered extreme humiliation, embarrassment and anxiety because his loss of employment *Id.* Plaintiff cannot not be reinstated without extreme discomfort. *Id.* Furthermore, Defendant's failure to participate to this lawsuit demonstrates that reinstatement would be difficult to coordinate or implement. *See D.E. 18*.

34. When Plaintiff was hired by Defendant, he confidently told his family that he would be able to provide for them and looked forward to long term and stable employment with Defendant. *Exhibit B*. Plaintiff would have worked for Defendant for at least another two

(2) years if he was not unlawfully terminated. *See Exhibit B*; *see, e.g.,* Stewart v. DaimlerChrysler Financial Servs. Americas LLC, 2008 WL 11333227 at *5 (S.D. Fla. 2008) (awarding 4 years of front pay in lieu of the requested 16 years); *see also* Lee v. HQM of Fort Myers, LLC, 2012 WL 3545700 at *4 (M.D. Fla. July 26, 2012) (awarding front pay from September 2012 through December 2013); *see also* Stevenson, 2013 WL 1344500 at *5 (awarding 2 years of front pay in lieu of the requested 10 years in FLSA case).

35. In this case, because of the current COVID-19 pandemic and its tremendous impact on the job market, Plaintiff's request for two (2) years of front pay is appropriate to "smooth" his transition into a new job. *See* Stevenson, 2013 WL 1344500 at *5; *see also Exhibit B*. As explained above, Plaintiff makes less money at his current job than he did when he worked for Defendant. *Exhibit B*. In addition, Plaintiff's current job is temporary; Plaintiff does not expect his current temporary job to last beyond March or April 2021. *Id.* Although he is still seeking full time employment, Plaintiff has had trouble acquiring permanent employment. *See* Persiyantseva, 2018 WL 3730400 at *6 (awarding a year of front pay when Plaintiff explained she had trouble acquiring employment after her termination because she was 58 years old and did not speak fluent English).

36. Plaintiff seeks an additional $74,360.00 in front pay wages, which constitutes two (2) years of pay at Plaintiff's hourly and overtime wage rates when he was terminated.[4] *Id.*

---

[4] Plaintiff calculates his front pay wages as follows: (104 weeks) x ($10 per hour) x (40 regular hours per week) = $41,600 (in regular wages) + ($15.75 per overtime hour) x (20 overtime hours worked per week) x (104 weeks) = $32,760 (in overtime wages).

37. If the Court is inclined to reduce Plaintiff's front pay award by his weekly income at his temporary job, it should reduce his front pay by $36,608.00.[5]

38. Plaintiff also seeks non-economic damages arising under his FLSA retaliation claim for the mental pain, anguish, anxiety and loss of reputation that he has suffered. *See D.E. 1; Exhibit B.*

39. Plaintiff suffered from extreme anxiety and mental anguish after he was terminated because he did not know whether he would be able to find substitute employment in the middle of the COVID-19 pandemic. *Exhibit B.* Plaintiff could not sleep for weeks after his termination because of his fear that he would be homeless. *Id.*

40. Furthermore, Defendant's FLSA retaliation caused Plaintiff to experience mental anguish and loss of self-worth. *Id.*

41. Plaintiff therefore seeks an additional $20,000.00 in non-economic damages arising from his FLSA retaliation claim. *See* Persiyantseva, 2018 WL 3730400 at *7 (awarding $20,000.00 in non-economic damages for mental pain and anguish in FLSA retaliation case based upon affidavit of Plaintiff, without requiring expert testimony); *see also* Lee, 2012 WL 3545700 at *4 (awarding $20,000.00 in non-economic damages when the Plaintiff suffered from bouts of sleeplessness, headaches and loss of appetite).

42. An additional element of Plaintiff's claim is the recovery of attorneys' fees and costs. *29 U.S.C. § 216(b)* authorizes the award of attorneys' fees to the prevailing plaintiff in any proceeding to enforce the provisions of the FLSA. *See* Baker v. Fidelity Mortg. Direct Corp., 2011 WL 1560665 at *3 (M.D. Fla. April 25, 2011).

---

[5] Although the Court does not need to reduce Plaintiff's front pay in excess of what he has already earned and expects to earn, if the Court is inclined to reduce Plaintiff's front pay by the amount he is earning at his temporary job, the Court should reduce his front pay award as follows: (104 weeks) x ($11 per hour) x (32 hours per week) = $36,608.00.

43. Plaintiff's Complaint is a proceeding brought to enforce the provisions of the FLSA. D.E. 1.

44. Costs recoverable under *29 U.S.C. § 216(b)* may include fees of the clerk, fees for printed or electronically recorded transcripts necessarily obtained in the case, costs for making copies necessarily obtained for use in the case, docket fees, costs associated with interpreter services, service of process and postage. *See* Baker, 2011 WL 1560665 at *4 (awarding the filing fee and service of process fee to a Plaintiff).

45. A prevailing Plaintiff's attorneys' fees in an FLSA matter is mandatory. *See* Weisel v. Singapore Joint Venture, Inc., 602 F.2d 1185, 1191 n.18 (5th Cir. 1979).

46. The initial estimate of a reasonable attorneys' fee is properly calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *See* Baker., 2011 WL 1560665 at *3; *see also* De Armas v. Miabraz, LLC, 2013 WL 4455699 at *1 (S.D. Fla. Aug. 16, 2013), (*citing* Ass'n of Disabled Ams. V. Neptune Designs, Inc., 469 F.3d 1357, 1359 (11th Cir. 2006)).

47. Courts assess the reasonableness of a fee request by considering Plaintiff's counsel's hourly rate and the prevailing market rate for the pertinent area of law for similar services with lawyers of comparable skill, experience and reputation. *See* Baker., 2011 WL 1560665 at *3.

48. Applicable evidence courts typically analyze for determining the reasonable hourly rate is the attorney's affidavit. De Armas, 2013 WL 4455699 at *3.

49. Sworn testimony by counsel of the hours that were spent litigating this case is significant evidence of the time required to litigate the claims. *See* Perkins v. Mobile Hous. Auth.,

847 F.2d 735, 738 (11th Cir. 1988). A reduction of hours is only warranted when it appears that the time is obviously and convincingly excessive. *Id.*

50. Additionally, a prevailing party is entitled to attorneys' fees for time spent litigating an attorneys' fee award. *See* <u>Jonas v. Stack</u>, 758 F.2d 567, 568 (11th Cir. 1985).

51. Attached to this Motion as Exhibit "C" is the Declaration of Jordan Richards, Esq. *See Declaration and Fee Ledger of Jordan Richards, Esq. attached hereto as Exhibit "C."* The declaration contains a certification from Mr. Richards that the declarant has fully reviewed the time records that are the supporting data for the declaration and that the hours claimed are well grounded in fact and justified and that the declarant exercised billing discretion in this matter. The Declaration of Jordan Richards, Esq. reflects that Plaintiff is seeking the recovery of attorney's fees for work performed by himself, and Mr. Blumstein. In total, Mr. Richards seeks **$479.50** in attorneys' fees for the work he performed on this case as well as costs equating to **$494.75**. *See Exhibit C.* These costs are for filing fees, process server invoices, and postage.

52. USA Employment Lawyers - Jordan Richards, PLLC regularly charges $350.00 per hour for the services of Mr. Richards. This is reasonable and in line with billing rates of attorneys with comparable skills, reputation and experience in the Middle District of Florida. *See* <u>Lovett v. KS Janitorial Services, Inc.</u>, *M.D. Fla. Case No. 8:20-cv-1511* (Aug. 11, 2020) (Judge Covington holding that Mr. Richards charged a reasonable market rate for an attorney with his experience when he was billing at $350 per hour). Other federal courts have likewise approved Mr. Richards at this rate. *See, e.g.,* <u>Conrey v. Bagel Way Kosher Way, Inc., et. al.</u>, *S.D. Fla. Case No. 18-cv-22795-DPG* (Judge Gayles awarding Mr. Richards $400 per hour in FLSA case); *see, also,* <u>Jiminez v. Alpine Towing, Inc., et. al.</u>,

*S.D. Fla. Case No. 1:19-cv-21643-KMM* (Judge Moore awarding Mr. Richards $350 per hour in FLSA case)*;* Fish v. Ely's Tire Inc., et. al., *S.D. Fla. Case No. 0:19-cv-61068-KMM* (Judge Moore awarding Mr. Richards $350 per hour in FLSA case)*;* Vanderbilt v. Boat Bottom Express, LLC, et. al., *S.D. Fla. Case No. 4:18-cv-10261-JLK* (Judge King awarding Mr. Richards $350 per hour in FLSA case)*;* Carey v. EWPB LLC, *S.D. Fla. Case No. 9:19-cv-80811-DMM* (Judge Middlebrooks approved Mr. Richards at $350.00 per hour and acknowledged that this is imminently reasonable because other courts have approved him at $400.00 per hour); Gilkerson v. Bagdad Mini Warehouse and RV Storage, Inc., *N.D. Fla. Case No. 3:20-cv-05522-TKW-HTC* (N.D. Fla. Oct. 26, 2020) (Approving attorney's fees in FLSA settlement in which Mr. Richards billed at a rate of $350.00 per hour); *see also* Rambo, et. al. v. Global Diversified, Inc. et. al., *C.D. Ill. Case No. 4:20-cv-04212-SLD-JEH* (January 26, 2021) (Chief Judge Darrow approving Mr. Richards at $350 per hour in an FLSA case in the Central District of Illinois).

53. Mr. Blumstein's declaration contains a certification that he has fully reviewed the time records that are the supporting data for the declaration and that the hours claimed are well grounded in fact and justified and that the declarant exercised billing discretion in this matter. Mr. Blumstein's declaration and fee ledger reflects that Plaintiff is seeking the recovery of **$3,298.50** in attorneys' fees for Mr. Blumstein's work, which includes 14.66 hours of billable work. *See Exhibit A*.

54. Mr. Blumstein has been approved at $225 per hour by various federal judges. *See* Rambo, et. al. v. Global Diversified, Inc. et. al., *C.D. Ill. Case No. 4:20-cv-04212-SLD-JEH* (January 26, 2021) (Chief Judge Darrow approving Mr. Blumstein at $225 per hour in an FLSA case in the Central District of Illinois); *see also* Lovett v. KS Janitorial Services,

Inc., *M.D. Fla. Case No. 8:20-cv-01511-VMC-CPT, at D.E. 21* (August 11, 2020); *see also* Nobles v. Electriduct, Inc. et al., *S.D. Fla. Case No. 0:20-cv-60899-WPD, at D.E. 48* (October 13, 2020).

55. USA Employment Lawyers - Jordan Richards, PLLC is regularly awarded $225.00 per hour for the services of Associate Attorneys like Mr. Blumstein. *See* Jimenez v. Alpine Towing, Inc., et. al., *S.D. Fla. Case No. 1:19-cv-21643-KMM*; *see also* Fish v. Ely's Tire Inc., et. al., *S.D. Fla. Case No. 0:19-cv-61068-KMM*; *see also* Vanderbilt v. Boat Bottom Express, LLC, et. al., *S.D. Fla. 4:18-cv-10261-JLK*; *see also* Carey v. EWPB LLC, *S.D. Fla. Case No. 9:19-cv-80811-DMM*. This is a reasonable rate and in line with billing rates of attorneys with comparable skills and experience in the federal courts in Florida.

56. Other federal courts have awarded more attorneys' fees than Plaintiff requests when seeking fees at the same procedural posture. *See* Parness v. Piazza Benvenuto Ristorante, Pizzeria and Market, Inc., 2009 WL 1117362 at *2 (S.D. Fla. April 24, 2009) (awarding $4,865.00).

57. By executing this Motion, counsel for Plaintiff certifies that they have fully reviewed the time records and supporting data in support of such Motion and that this Motion is well grounded in in fact and justified. *See* Exhibit "A," Exhibit "C."

**WHEREFORE**, Plaintiff, RANICKY MARSHALL, requests the entry of a Final Default Judgment in his favor and against Defendant, ETAIROS HEALTH, INC., in the total amount of **$96,027.00**, plus attorney's fees in the amount of **$3,778.00**, and **$494.75** in taxable costs.

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to M.D. Fla. L.R. 3.01(g), prior to the filing of this motion, Plaintiff made efforts to confer with Defendant but has been unable to do so due to Defendants' failure to appear. Plaintiff

14

sent Defendant's registered agent a copy of the Clerk's Entry of Default Judgment on January 30, 2020.

**Dated this 4th day of March 2021.**

                        Respectfully Submitted,

                        **USA EMPLOYMENT LAWYERS - JORDAN RICHARDS, PLLC**
805 E. Broward Blvd., Suite 301
Fort Lauderdale, Florida 33301
(954) 871-0050
*Counsel for Plaintiff, Ranicky Marshall*

By: */s/ Jake Blumstein, Esq.*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
JAKE BLUMSTEIN, ESQUIRE
Florida Bar No. 1017746
*jordan@jordanrichardspllsc.com*
*jake@jordanrichardspllc.com*
*melissa@jordanrichardspllc.com*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing motion was served on all parties listed below USPS on March 4, 2021.

                        By: */s/ Jake Blumstein, Esq.*
JAKE BLUMSTEIN, ESQUIRE
Florida Bar No. 1017746

## SERVICE LIST: