UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO: 8:21-cv-16-SCB-AAS

Ranicky Marshall

    Plaintiff,

v.

Etairos Health, Inc., d/b/a Utopia Home Care

    Defendant.

_____/

## JOINT STIPULATION OF DISMISSAL WITH PREJUDICE

Plaintiff, RANICKY MARSHALL, and Defendant, ETAIROS HEALTH, INC., by and through undersigned counsel and pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), hereby file this Joint Stipulation of Dismissal with Prejudice as follows:

1. On January 4, 2021, Plaintiff filed a Complaint against Defendant, alleging overtime wage violations and retaliation under the Fair Labor Standards Act ("FLSA"). *See D.E. 1.*

2. Within Plaintiff's Complaint, he alleges that Defendant failed to pay him overtime wages for some of the work performed in excess of forty (40) hours per week during one (1) or more workweek. *Id.* Plaintiff also alleges that Defendant retaliated against him and terminated him after he requested unpaid overtime wages. *Id.*

3. A clerk's default was entered against Defendant on January 28, 2021. *D.E. 18.*

4. Plaintiff filed a motion for final default judgment on March 4, 2021. *D.E. 21*. Plaintiff's motion contained damages estimates upon which Plaintiff no longer relies in light of the records he obtained from Etairos refuting his damages model and damages estimates.

5. Soon thereafter, defense counsel and counsel for Plaintiff agreed to vacate the clerk's default. *D.E. 31*. The parties advised the Court that they agreed to an early mediation as part of their agreement to vacate the clerk's default. *Id.*

6. Defendant denies any wrongdoing or liability to Plaintiff in any respect.

7. The parties have amicably and fully resolved their dispute at mediation and have executed a Settlement Agreement. Defendant has agreed to pay Plaintiff's alleged unpaid overtime wages and liquidated damages in full, exclusive of attorneys' fees and costs.

8. Thus, Plaintiff's FLSA overtime wage claims were not compromised. Plaintiff will receive 100% of his alleged unpaid overtime wages and liquidated damages from Defendant. Further, Defendant will pay Plaintiff's attorney's fees and costs, which were negotiated separately and without regard to the amounts owed to Plaintiff. Accordingly, the settlement represents an uncompromised FLSA wage claim.

9. Various courts within the Middle District of Florida have held that judicial approval of FLSA settlements is not required where there is no compromise. *Hill v. Florida Ins. Elec., Inc.*, 2007 WL 781886 at * 3 (M.D. Fla. March 13, 2007) (Presnell, J); *Youhness Bekhalfi, et. al., v. Levy World Ltd., Partnership*, Case No.:

6:15-cv-573-RBD-TBS (August 18, 2015) (Dalton, J.) (Dkt. 21 at 2) (dismissing plaintiffs' claims without conducting a fairness review because the claims were not compromised); *accord Bonetti v. Embarq Mgmt., Co.*, 715 F. Supp. 2d, 1226, n.6 (M.D. Fla. 2009) ("[i]f the parties submit a stipulation stating that the plaintiff's claims will be paid in full, without compromise, there is no need for the Court to review the settlement."); *See also Su v. Electronic Arts, Inc.,* 2006 WL 4792780, at *2 (M.D. Fla. 2006) ("[w]here the employer offers the plaintiff full compensation on his FLSA claim no compromise is involved and judicial approval is not required."); *Feagans v. Americana Jax Investments, Inc., 2*008 WL 782488, *1 (M.D. Fla. 2008) ("Based on counsel's representation that Plaintiff has been fully compensated for all unpaid overtime claims without compromise including liquidated damages, this Court finds it appropriate to approve settlement and dismiss this case with prejudice.").

10. Accordingly, and pursuant to the settlement, the parties hereby stipulate and agree by the filing of this Stipulation that this civil action is DISMISSED with prejudice, each party to bear their own costs and attorneys' fees except as otherwise provided in the Stipulation.

11. SO STIPULATED.

Dated this 27th day of May 2021

Respectfully Submitted,

| | |
|---|---|
| USA EMPLOYMENT LAWYERS JORDAN RICHARDS, PLLC<br>*Counsel for Plaintiff* | GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH, PLC<br>*Counsel for Defendant* |

3

| | |
|---|---|
| 805 E. Broward Blvd. Suite 301<br>Fort Lauderdale, Florida 33301<br>Tel: (954) 954-871-0050 | 400 N. Ashley Dr. Suite 1000<br>Tampa, Florida 33602<br>Tel: (813) 977-1200 |
| By:/s/ *Jake Blumstein*<br>**JAKE BLUMSTEIN, ESQ.**<br>Fla. Bar No. 1017746<br>**JORDAN RICHARDS, ESQ.**<br>Fla. Bar No. 108372<br>jordan@jordanrichardspllc.com<br>melissa@jordanrichardspllc.com<br>jake@jordanrichardspllc.com | /s *David T. Burr*<br>**DAVID BURR, ESQ.**<br>Fla Bar No. 0117022<br>ageorge@gallowaylawfirm.com<br>dburr@gallowaylawfirm.com<br>tampaservice@gallowaylawfirm.com |